**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES McDONALD, derivatively** | ) | **CASE NO. 1:17CV907** |
| **on behalf of nominal defendant** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **RPM International, Inc.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **JOHN P. ABIZAID, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #13) of Defendant RPM International, Inc. to Dismiss Verified Shareholder Derivative Complaint, or alternatively, to Stay. For the following reasons, the Motion is granted in part.

**Facts**

This is a shareholder derivative action on behalf of nominal Defendant RPM International, Inc. ("RPM" or the "Company") against some of its directors and officers. This action is a result of the alleged misconduct of the named Defendants. (ECF DKT #15, at 1). Plaintiff alleges that Defendants did "not immediately take action to investigate and rectify

misconduct when put on notice of red flags alerting them to potential securities law violations,..., Individual defendants also were complicit in the misconduct by attempting to cover it up and by filing materially false and misleading statements with the SEC, thus subjecting the Company to greater harm." (ECF DKT #15, at 1). The "Substantive Allegations" section in Plaintiff's Complaint cites to the SEC Complaint seventy-five times in that section alone. (ECF DKT #18, at 6). The underlying "misconduct at issue here stems from the Current Director Defendants' conscious disregard of the multiple red flags alerting them to potential and probable securities law violations and their subsequent concealment and approval of the misconduct." (ECF DKT #15, at 23). The individual Defendants have allegedly "done just the opposite of what is required of fiduciaries by supporting the wrongdoers and pledging to fight the SEC through trial, all at the expense of RPM and its shareholders." (ECF DKT #15, at 8).

## Law and Analysis

### I. Staying Proceedings

For a case to satisfy the threshold of being stayed, "the parties to the two causes must be shown to be the same and the issues identical." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936). In *Landis*, Justice Cardozo announced that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* The test for a stay requires the "suppliant [to] make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. In order to make a decision on whether to stay or not the court "must make out a clear case of hardship or inequity in being required to go forward."

*Id.* Then, the court in its discretion, must balance the hardships against the likely benefit. *Id.* at 259.

Neither the parties nor the Court have found any relevant Sixth Circuit cases on this issue. However, courts in other jurisdictions have stayed shareholder derivative proceedings when there is an enforcement action by the SEC as long as it does not unduly prejudice the plaintiff. *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043 (N.D. Ill. 2012). In *Groupon*, the plaintiff brought a derivative action on behalf of nominal defendant Groupon. *Id.* at 1046. Plaintiff alleged that the officers and directors breached their fiduciary duties and abused their authority by not having adequate accounting controls. *Id.* On April 3, 2012, the first of five securities class actions was filed by shareholders against Groupon in the same district. *Id.* at 1047. The class action allegations were: Groupon issued false and misleading statements regarding financial results and "failed to disclose negative trends in the company's business." *Id.* "All of the individual defendants in the derivative action [were] also defendants in the class action." *Id.* Both of the actions were in the early stages. *Id.* The district court noted, as a general rule, that derivative actions "cannot be adjudicated in full (or even in large measure) until the [securities class] [a]ction is tried." *Id.* at 1048 (quoting *Brudno v. Wise*, No. CIV.A. 19953, 2003 WL 1874750, at *4 (Del. Ch. Apr. 1, 2003)). The district court highlighted that the parties in both cases need not be perfectly aligned for the court to issue a stay. *Id.* at 1049. The fact that the defendants were facing "class claims" as was the nominal defendant, Groupon, was sufficient. *Id.* at 1050. As for the facts, "both sets of plaintiffs rely on the same documents to support their claims." *Id.* "Although the class and derivative actions are based on different legal claims, the underlying issues are similar." *Id.* at

1051. Thus, the derivative action was "stayed pending a ruling in the class action on a motion to dismiss." *Id.* at 1052.

Weighing the hardships and determining if duplicative litigation will occur can justify a stay. *In re STEC, Inc. Derivative Litig.*, No. CV 10-00667-JVS (MLGX), 2012 WL 8978155 (C.D. Cal. Jan. 11, 2012). In *STEC*, a derivative action was brought against STEC, its officers, and directors, alleging that the officers and directors made false and misleading statements, which caused STEC's stock price to dwindle when the truth was released. *Id.* at *1. This alleged misconduct also gave rise to a federal securities class action. *Id.* at *3. "Courts generally stay a shareholder derivative suit until the culmination of a securities class action when the cases arise from the same factual allegations and the evidence in the former could jeopardize the company's defense in the latter." *Id.* at *4. (citing *Rosenblum v. Sharer*, 2008 U.S. Dist. LEXIS 65353, at *24 (C.D.Cal. July 28, 2008)). The three factors the *STEC* court looked at were: "(1) a stay is necessary to prevent harm to STEC; (2) a stay is necessary to promote the orderly course of justice and to avoid duplicative litigation and waste of resources; and (3) plaintiff will not be prejudiced by a stay." *Id.* Under the first factor, the court favored a stay because both actions involved the same facts; four defendants were named in both actions; and "diverting STEC's financial and managerial resources" at that time was not in STEC's best interest. *Id.* at *6. The second factor weighed in favor of a stay because: "First, ... the present action and the Federal Securities Class Action are substantially similar in the facts and the parties involved, concurrent litigation would create duplicative efforts. Second, the outcome of the Federal Securities Class Action will inform the advisability of the derivative action. Third, the stay will obviate the threat of conflicting

outcomes in the cases." *Id.* The third factor weighed in favor of a stay because a stay would not "significantly prolong any relief [to which] [P]laintiff may be entitled, and there is very little risk of evidence being lost." *Id.* at *8. Thus, the *STEC* court granted the motion to stay. *Id.*

A stay may be granted if the facts are the same or substantially related in both actions and a corporation's resources could be better used defending the securities action. *Cucci v. Edwards*, No. SACV 07532 PSG (MLGX), 2007 WL 3396234 (C.D. Cal. Oct. 31, 2007). In *Cucci*, a derivative action was sought because of corporate waste, insider trading and mismanagement. *Id.* at *1. The court found "that both actions rest on the same or closely related transactions, happenings or events, and thus will call for the determination of the same or substantially related questions of fact." *Id.* at *2. Also, because of the conflicting nature of the two actions, at the early stage of litigation, the court determined that "it seems sensible for the company and its stockholders for Powerwave to devote its resources at this time exclusively to the Securities Class Action." *Id.* Thus, the court granted a stay because of judicial economy and because there was no evidence that the stay would prejudice the plaintiff. *Id.*

Using the principles articulated in *Landis*, and as stated in *Groupon* that "both sets of plaintiffs rely on the same documents to support their claims," a stay in the instant matter, is the most sensible ruling. Plaintiff's argument that the facts are so dissimilar that a hardship will result is misguided. As in *STEC*, all three factors favor a stay. First, the underlying facts are similar in both cases. Second, due to the similar factual nature of both actions, the resulting duplicative litigation will be a waste of judicial and litigation resources. Finally,

although the Court recognizes that Plaintiff's possible relief will be delayed, a stay will not be unduly prejudicial. Court harmony and uniformity yield less prejudice than conflicting and duplicative litigation may cause. As in *Cucci*, because Plaintiff cites to the SEC record seventy-five times in one section alone of his Complaint, it is inescapable that the facts are the same or substantially similar. Therefore, the Court finds that a stay will promote judicial economy and fairness until the SEC enforcement litigation has concluded.

## Conclusion

As a matter of judicial economy and fairness, the Court grants a stay in the present case until the completion of the SEC action. The Court finds that Plaintiff will not be prejudiced and the likelihood of duplicative litigation is high if both cases run concurrently.

Defendant RPM International, Inc.'s Motion (ECF DKT #13) is granted in part. The above-captioned case is stayed and removed from the Court's active docket. The case may be reinstated only upon written motion.

The parties are required to file a joint status report every sixty days to apprise the Court of the progress of the SEC enforcement litigation.

**IT IS SO ORDERED.**

                                             **s/ Christopher A. Boyko**
                                             **CHRISTOPHER A. BOYKO**
                                             **United States District Judge**

**Dated: February 2, 2018**